

January 10, 2020

**VIA ECF**
Hon. Ona T. Wang
United States Courthouse
500 Pearl Street.
New York, NY 10007

**RE: Letter Motion to Proceed Anonymously**
    *Jane Doe* v. David K. Townes (1:19-cv-08034-ALC-OTW)

Dear Judge Wang,

  This firm represents Plaintiff "*Jane Doe*" in the present action filed against David K. Townes. When this matter was initially filed, Hon. Judge Woods, sitting as Part I Judge, granted in part Plaintiff's Motion to Proceed Anonymously [Dkt. 5]. On December 12, 2019, this Court ordered Plaintiff to file a letter motion providing factual and legal support for why Plaintiff should be allowed to remain anonymous throughout the course of this litigation [Dkt. 28].

  Plaintiff Jane Doe was employed by Defendant Townes as his Personal Assistant from approximately April 2016 through approximately June of 2018. During this time, Plaintiff was not paid for the work she performed, was sexually harassed, sexually assaulted, inappropriately touched, subjected to a hostile work environment, and subject to retaliatory, malicious, and brazen infiltrations of her private and personal data by Defendant Townes.

  Plaintiff respectfully requests that this Court allow her to remain anonymous for the duration of this litigation in order to ensure that Defendant Townes cannot follow through on the specific and boisterous threats he has made throughout the course of her employment with him to ruin her reputation and ensure that she can never work again. An e-mail sent by Defendant Townes to a mutual friend in the summer of 2018 spells out the exact threats Defendant Townes made against Plaintiff including "if she sues, I will absolutely destroy her reputation."[1] This Court should place considerable weight on these e-mail chains as Defendant Townes has made similarly vicious threats to Plaintiff verbally.

  The case of *Sealed Plaintiff v. Sealed Defendant* 537 F.3d 185, 188-191 (2d Cir. N.Y. 2008) reiterated the fact that "Courts have nevertheless "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Roe v. Aware Woman Ctr. for Choice, Inc*., 253 F.3d 678, 685 (11th Cir. 2001)." *Id.* The Court went on to "now set forth the standard governing the use of pseudonyms in civil litigation in our Circuit." *Id.* The Court went on to state that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.*

---

[1] Exhibits A and B (*Plaintiff's name redacted*)

New York City Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103 | (215) 391-4790
Miami Office: 701 Brickell Avenue, Suite 1310, Miami, FL 33131 | (305) 946-1884
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Website: www.discriminationandsexualharassmentlawyers.com

The factors set forth by the Court included the following outlined below, accompanied by an explanation as to how Plaintiff's situation in the instant case applies to these factors:

(a) **Whether the litigation involves matters that are "highly sensitive and [of a] personal nature.** The matters in the instant action involve sexual assault and sexual harassment as well as blackmail, extortion, and threats to physical safety. These matters are highly sensitive and of a personal nature by any standard. They are also highly sensitive as Plaintiff's son, a minor at the time of the incidents in question (and still a minor today), should have his name and identity protected as revealing his mother's name would reveal the identity of her minor son.

(b) **Whether identification poses a risk of retaliatory physical or mental harm to the […] party [seeking to proceed anonymously] or even more critically, to innocent non-parties.** Plaintiff is a victim of such extensive sexual assault and harassment that for all of her business connections and acquaintances to know the claims made herein would only serve to further victimize her, the victim in this case. Plaintiff would be associated with the shame that many women endure after having been victims of sexual harassment and assault. Defendant Townes has promised in writing (*Exhibits A and B*) to follow through on his threats to retaliate against Plaintiff, and this Court should place considerable weight on these serious and extraordinary threats.

(c) **Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity**. Plaintiff, as a victim of extensive sexual assault and harassment, should be entitled to privacy and revealing her true identity would only add to her emotional distress, for which she is bringing these claims.

(d) **Whether the plaintiff is particularly vulnerable to the possible harms of disclosure.** Plaintiff should be entitled to privacy, because she is suffering from diagnosed PTSD, severe anxiety, and emotional distress as a result of Defendant's sexual assault and sexual harassment. Plaintiff is treating with a medical professional to address her emotional distress caused by Defendant's sexual assault and sexual harassment. Revealing her identity would cause a significant setback in her progress and enhance her anxiety and fears..

(e) **Whether the suit is challenging the actions of the government or that of private parties.** The suit is challenging the actions of a private party.

(f) **Whether the defendant is prejudiced by allowing the plaintiff to bring her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court.** Defendant will not suffer any prejudice from Plaintiff proceeding anonymously. Defendant may defend this action equally as well as if Plaintiff proceeded under her real name.

**(g) Whether the plaintiff's identity has thus far been kept confidential.** Plaintiff's identity remains confidential to the general public to this point, except for one filing made by Defendant Townes in which he hand-wrote Plaintiff's name on a document. Similarly, in relation to the Motion for Contempt against Defendant Townes for violating a Temporary Restraining Order, Defendant Townes has revealed Plaintiff's name to several acquaintances, such that there are some individuals who are aware of Plaintiff's involvement in this matter. Plaintiff maintains her position that Defendant Townes violated this Court's Temporary Restraining Order. All documents filed by Plaintiff's counsel have been redacted prior to their filing on ECF.

**(h) Whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity.** In general, the public has a right to know the identities of parties to a lawsuit, but it is respectfully submitted that this is one of those times when an exception should be made due to Plaintiff's mental health risks as well as to protect Plaintiff's sterling reputation in the business community from extra-legal attacks by Defendant Townes.

**(i) Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.** There is an atypically weak public interest in revealing Plaintiff's name because this matter is specific to this Plaintiff and the specific Defendant, with minimal public impact. Similarly, as Defendant Townes is not a corporation or a government body, and because the incidents specifically involve disputes between Plaintiff and Defendant Townes, there is no strong public interest in revealing Plaintiff's name.

**(j) Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.** Plaintiff is not aware of any other mechanism for protecting the confidentiality of Plaintiff.

For all the reasons noted above, Plaintiff respectfully requests that this Court permit Plaintiff to continue using a pseudonym in this matter to shield her good name and identity from the public to protect her mental, physical, and emotional well-being. Plaintiff has already suffered at the hands of Defendant Townes; she should not continue to suffer by also revealing her name.

I thank the Court for its consideration and attention to this matter.

Respectfully Submitted,
**DEREK SMITH LAW GROUP, PLLC.**
*Attorneys for Plaintiff*

BY: /s/_____
Danilo Bandovic, Esq.
1 Pennsylvania Plaza, 49th Floor
New York, New York 10119

CC: Defendant Townes by First Class Mail

# EXHIBIT A

**important; attempt to set the stage to settle** ▓▓▓

David Townes <davidtownes@pobox.com>

Sun, Jul 29, 2018 at 6:57 PM

To: ▓▓▓

Dear ▓▓▓,

Please forward this very important document to ▓▓▓, who has now blocked my emails. (Seems to be a favorite female tactic.)

You have never bargained for getting involved in the difficulties of my life, and of course if I ever achieve justice, I owe you a success fee.

Nevertheless, in the context of the amazing princes ▓▓▓ I think I really do need some mediating help. I wish a calm and fair settlement, and the last thing ▓▓▓ or I need is a battle. But I am not going to just roll over to her demands which I think are unfair and pushing quite far outside our understandings. Please note, if she sues, I will absolutely destroy her reputation. So your mediation help becomes especially important.

Thank you. You are, I know, a true friend.

Trust that you are making progress on your important projects. We will meet, I am sure, sometime soon, maybe in Utah where I have some compelling projects going.

Yours ever,   David

---

📄 response to ▓▓▓ July 9.docx
270K

# EXHIBIT B

---------- Forwarded message ---------
From: ▮
Date: Wed, Jan 8, 2020 at 3:33 AM
Subject: Fwd: ▮ not based on fact
To: ▮

---------- Forwarded message ---------
From: **David Townes** <davidtownes@pobox.com>
Date: Sat, Aug 11, 2018 at 1:01 PM
Subject: ▮ demands not based on fact
To: Ferris <▮>

Dear Ferris,

Given how absurd this has become, without any good faith process from ▮ to reach a conclusion, I am reiterating what will happen if I am subjected to any legal hostilities.

Also, I reiterate, I am always willing to review in a calm dialogue the entire situation with a good faith objective to reach a fair settlement based on fact, not emotion. I would hope that an ongoing normal friendship with ▮ would result from such a rational settlement process.

As ▮ became confrontational and irrational, in order to have a means of protecting myself, I copied about twenty pages of hundreds of contact details for almost everyone in ▮ life. This material was left in common areas of the apartment, and was not purloined from any private space. I now have multiple copies of this data.

▮ presents an elaborate but false pose to others. If I am attacked in a legal process, I will send out to many parties the simple truth about ▮ which utterly contradicts the image she so assiduously puts forth.

Many people, including me, love ▮ positive qualities, but that will not stop me from retaliating if she attacks me with a lawsuit. Of course, a law suit is totally unnecessary to reach a fair settlement, and would only be pursued by ▮ in gross bad faith, and her gross bad faith, if she sues, is ample justification for me to protect myself by broadcasting such disclosure about the truth of her life arrangements and other basic details which contradict how she presents herself.

Furthermore, it is important to note that I have nothing to loose and nothing to hide.

I would welcome your constructive efforts to help create a fair and fact-based settlement process.

Yours always, David

PS: You might consider forwarding this to ▮.

**Certificate of Service**

      I hereby certify that on January 10, 2020, I caused to have electronically filed the foregoing paper with the Clerk of the Court using the ECF system,. I also certify that the foregoing paper was sent to Defendant David K. Townes through First Class Certified Mail.

                                   Respectfully Submitted,


                              _/s/_____

                              Danilo Bandovic, Esq.
                              Derek Smith Law Group, PLLC
                              1 Penn Plaza Suite 4905
                              New York, NY 10119

                              *Attorneys for Plaintiff*