UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JANE DOE,                                                                              Case No: 19-CV-0834

                    Plaintiff,

   -against-


DAVID K. TOWNES, individually,

                    Defendant.
---------------------------------------------------------X

## REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff contacted Defendant on January 10, 2020, to inquire about scheduling a time to confer regarding the 26(f) conference. Plaintiff submits the following report, per this Court's order:

1. **Summary of Claims, Defenses, and Relevant Issues**

    Plaintiff:

    Plaintiff was employed be Defendant Townes for almost two full years and was paid almost nothing for her services. During her employment, Defendant TOWNES subjected Plaintiff to sexual harassment, discrimination, assault, battery, negligent infliction of emotional distress, and intentional access of her computer and digital information.

    Defendant:

    *** *as Plaintiff's counsel was not successful in reaching Defendant Townes, this section is left blank.* ***


2. **Basis of Subject Matter Jurisdiction:** Federal Question

3. **Subjects on Which Discovery May Be Needed**

   Plaintiff:
   -Defendant's Bank Account Records
   -Wage and Timekeeping records
   -Defendant's e-mail communications with Plaintiff and other employees
   -Communications between Defendant and third parties with regards to Plaintiff's claims

   Defendant:

   *** *as Plaintiff's counsel was not successful in reaching Defendant Townes, this section is left blank.* ***

4. **Informal Disclosures**

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff to Defendant by First Class Certified Mail on January 29, 2020. In addition, by March 20, 2020, Plaintiff will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure **has not yet been disclosed by Defendants**.

5. **Formal Discovery**

   Plaintiff proposes to the Court the following discovery plan:

   a. All fact discovery must be completed by September 1, 2020.

   b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without

application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

    i. Depositions: Depositions shall be completed by <u>July 15, 2020</u> and limited to no more than <u>3</u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii. Interrogatories: Initial sets of interrogatories shall be served on or before <u>April 1, 2020</u>. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii. Requests for Admission: Requests for admission must be served on or before <u>April 1, 2020</u>.

    iv. Requests for Production: Initial requests for production were/will be exchanged on <u>April 1, 2020</u> and responses shall be due on <u>May 1, 2020</u>. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v. Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? **Yes** – <u>Plaintiff anticipates that Defendant TOWNES will withhold discovery, delete or alter documents in his possession, or otherwise will fail to comply with this Court's orders on discovery. As Defendant TOWNES does not have counsel, his decision making will be unchecked by counsel with ethical obligations</u>.

7. **Amendments to Pleadings**

   a. Are there any amendments to pleadings anticipated? <u>Yes, pending discovery and depositions</u>

   b. Last date to amend the Complaint: <u>August 1, 2020</u>

8. **Expert Witness Disclosures**

   At this time, the parties <u>do</u> anticipate utilizing experts. Expert discovery shall be completed by <u>September 1, 2020</u>.

9. **Electronic Discovery and Preservation of Documents and Information**

   a. Have the parties discussed electronic discovery? <u>No</u>

   b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? <u>No. Plaintiff is ready to confer with defendant on electronic discovery at his availability.</u>

   c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? <u>Yes, Plaintiff is concerned that Defendant Townes will begin deleting files, e-mails, and possibly dispose of Plaintiff's belongings that are still in his possession prior to the conclusion of this litigation.</u>

10. **Anticipated Motions –** Plaintiff – <u>Possibly Summary Judgment pending discovery</u>

11. **Early Settlement or Resolution**

    The parties have not discussed the possibility of settlement, although Plaintiff and Defendant discussed the possibility of settlement without counsel at some point in 2018. The Plaintiff requests a settlement conference by no later than May 1, 2020. The following information is needed before settlement can be discussed: n/a, Plaintiff has evidence required for a settlement conference or mediation.

12. **Trial**

    a.    The parties anticipate that this case will be ready for trial by <u>December 2020</u>.

    b.    The parties anticipate that the trial of this case will require <u>5</u> days.

    c.    The parties <u>DO NOT</u> consent to a trial before a Magistrate Judge.

    d.    The parties request a <u>jury</u> trial.

13. **Other Matters**

Plaintiff's notes for the record that the responses contained in this document are <u>Plaintiff's responses only</u>. As Defendant Townes has not responded to Plaintiff's request to confer pursuant to this Court's Order dated December 12, 2019, Defendant Townes' answers are not provided in this report.

Plaintiff is ready and willing to amend or discuss alternate dates that are on this report with Defendant, or Defendant's counsel (should he obtain one), at the Initial Case Management Conference currently scheduled for February 6, 2020 at 11:30 a.m. before Magistrate Ona T. Wang.

DATED: January 30, 2020
           New York, NY

                                    **Respectfully Submitted,**
                                    DEREK SMITH LAW GROUP, PLLC
                                    *ATTORNEYS FOR PLAINTIFF*

                                    __/s/_____
                                    Danilo Bandovic, Esq.
                                    1 Penn Plaza Suite 4905
                                    New York, NY 10119
                                    212-495-1364

CC:
David K. Townes
250 Park Avenue 10th Floor
New York, NY 10177