**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                           :
JANE DOE,                                                  :
                                                           :
            Plaintiff,                                     :          19-cv-8034 (ALC) (OTW)
                                                           :
        -against-                                          :          **OPINION & ORDER**
                                                           :
DAVID K. TOWNES,                                           :
                                                           :
            Defendant.                                     :
                                                           :
-----------------------------------------------------------x


        **ONA T. WANG, United States Magistrate Judge:**

I.      **Introduction**

        Plaintiff Jane Doe, currently proceeding anonymously, filed a complaint against

Defendant David K. Townes alleging claims of, *inter alia*, breach of contract, fraud,

discrimination, hostile work environment, retaliation, sexual assault, not receiving fair and

adequate wages, and theft of electronic property. (ECF 1, the "Complaint" or "Compl."). The

allegations are serious and, if true, detail a history of mistreatment, assault, and abuse by

Defendant. Plaintiff seeks to proceed anonymously to protect herself from future harms, which

include retaliation by Defendant, stigma, and psychological distress. (ECF 30, "Motion to

Proceed Anonymously" or "Motion").

        In deciding a motion to proceed anonymously, a court must balance the interest of the

plaintiff with the interest of the defendant and the public. The public has a common law right of

access to judicial proceedings, and a plaintiff seeking to proceed anonymously must satisfy a

high burden. After analyzing the pleadings and filings, and without reaching the merits, the

Court finds that Plaintiff has failed to meet her burden to proceed anonymously. Accordingly, as discussed below, the Motion to Proceed Anonymously is **DENIED**, and implementation of this Order is **STAYED**.

## II.   <u>Background</u>

Plaintiff alleges she is a "well-respected entrepreneur, a member of the New York business community, and has been the chairperson of many charities, nonprofit events, and fundraising activities," and Defendant is "a successful investment banker and co-founder of a mid-sized investment bank." Compl. ¶¶ 2-3. The Complaint alleges that Defendant employed Plaintiff as his personal assistant from approximately April 2016 through approximately June 2018. Plaintiff lived in an apartment owned by Defendant. Compl. ¶ 34. During this time, Plaintiff worked on a variety of projects for Townes: "overseeing several of his residences and storage area relocations, apartment hunting, decorating his Toronto and New York residences, and working as a paralegal." Compl. ¶ 5.

Plaintiff alleges and documents a hostile work environment in which Defendant reportedly touched, groped, and sexually assaulted her. Compl. ¶¶ 75-161. This purportedly included "unwanted and unwelcome instances of forceful touching" such as "pinching Plaintiff's buttocks, squeezing and twisting Plaintiff's breasts so aggressively as to cause residual pain that lasted for numerous days thereafter, and multiple attempts at physical touching of Plaintiff's vagina and other sexual organs." Compl. ¶ 76. Defendant also allegedly "often appeared in the living room and common areas almost naked wearing only his underwear, or often just a shirt with several buttons done up with no underwear and nothing else." Compl. ¶ 152. Plaintiff had to ask Defendant "at least a dozen times to refrain from exposing himself in the common

areas." Compl. ¶ 153. Other employees of Defendants allegedly quit because of the uncomfortable work situation. Compl. ¶¶ 154-60.

Her workplace situation further allegedly deteriorated when Defendant failed to compensate her for her employment, despite repeated assurances to do so. Compl. ¶ 6. Plaintiff claims that when she asked for her due compensation, Defendant became increasingly aggressive towards her. Defendant's actions included being verbally aggressive, blackmailing, extorting, and seizing her personal property. Compl. ¶¶ 6-8, 162-237. Plaintiff further alleges that Defendant, without her knowledge or permission, accessed Plaintiff's computer and extracted her contact list which contains the information of "over a thousand high-profile individuals." Compl. ¶ 9. The Complaint alleges that Defendant "threatened to use his power, influence, and Plaintiff's private business and social rolodex of over a thousand important people to bully, silence, and character-assassinate Plaintiff." *Id.* Defendant allegedly threatened to contact the people in Plaintiff's contact list to "ruin [Plaintiff's] reputation" if she were to bring legal action against Defendant. Compl. ¶ 200. Defendant also allegedly made threats to Plaintiff's life, screaming things like "If you dare go up against me in court or to the police your life will be over!!," and physically assaulted her by painfully shaking Plaintiff. Compl. ¶¶ 11, 168-191.

Plaintiff alleges that the Defendant's threats made her "tremendously upset and depressed" and caused "extreme emotional distress, severe depression, excessive anxiety, panic attacks and physical ailments," such as weight loss. Compl. ¶¶ 218, 227.

III.    **Procedural History**

Plaintiff filed her Complaint on August 28, 2019. (ECF 1). The same day, the Part I judge, Judge Woods, granted in part Plaintiff's application to proceed anonymously, pending a determination on the merits. (ECF 5) (entered August 29, 2019). In September 2019, Judge Carter issued a preliminary injunction that, among other things, enjoined Defendant from "[r]evealing Plaintiff's name to the media or any other third party, other than Defendant's attorney." (ECF 11, the "Preliminary Injunction"). Judge Carter referred this case to this Court in November 2019 for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions,[1] and settlement) and the Motion for Contempt (ECF 17). This Court, in December 2019, ordered Plaintiff to file a letter motion by January 10, 2020 with the factual and legal support for her maintaining anonymity. (ECF 28). Plaintiff timely filed her Motion on January 10. (ECF 30). Defendant did not respond to this Motion.

IV.    **Discussion**

In general, "[t]he title of a complaint must name all the parties." Fed. R. Civ. P. 10(a). Rule 10(a) "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). The use of pseudonyms in place of the true identities of the parties "runs afoul of the public's common law right of access to judicial proceedings . . . , a right that is supported by the First Amendment." *Doe v. Del Rio*, 241 F.R.D 154, 156 (S.D.N.Y. 2006) (citation omitted). Private civil suits advance the public's interest in enforcing legal and social norms. *Id.* at 159. When a lawsuit involves issues concerning a defendant's actions or a particular incident, as

---

[1] This Motion is a non-dispositive pretrial motion.

opposed to challenging abstract public policies, open proceedings serve the judiciary's interest in a fair and accurate fact-finding adjudication. *Id.*

Courts have recognized an exception to the rules requiring disclosure of party identities in cases that implicate individual privacy concerns. A court considering whether to allow a party to proceed anonymously must carefully consider a series of fact-specific, non-exhaustive factors, balancing various judicial interests. *See Sealed Plaintiff*, 537 F.3d at 189-90. The factors, as identified by the Second Circuit, are:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;

5. whether the suit is challenging the actions of the government or that of private parties;

6. whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*See Sealed Plaintiff*, 537 F.3d at 190 (alterations, citations, and internal quotation marks omitted). "[A] district court is not required to list each of the factors or use any particular formulation as long as ... the court balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4. A plaintiff seeking anonymity must base her allegations on more than just "mere speculation." *Doe v. Skyline Auto.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (citing *United States v. UCB, Inc.*, No. 14-cv-2218 (TPG), 2017 WL 838198, at *3 (S.D.N.Y. 2017)). An analysis of the *Sealed Plaintiff* factors shows that the majority of the factors weigh against Plaintiff proceeding anonymously.

A. <u>Factor 1: Matters of a Highly Sensitive and Personal Nature</u>

The first factor is whether the litigation involves matters that are highly sensitive and of a personal nature. "Courts have found that cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature." *See Skyline Auto.*, 375 F. Supp. 3d at 405 (finding in favor of plaintiff on this factor because "Plaintiff claims that she was drugged by a co-worker, sexually assaulted while unconscious, and subject to ridicule and sexual harassment following the incident"); *see also Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-cv-5601 (HBP), 2015 WL 7017431, at *2 (S.D.N.Y. Nov. 12, 2015) (collecting cases). "[A]llegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *See Skyline Auto.*, 375 F. Supp. 3d at 405.

Plaintiff alleges a history of physical, emotional, and sexual abuse by her former employer. *See* Compl. ¶¶ 6-8, 162-237. Her allegations include forcible touching, repeated verbal assaults, blackmail, extortion, and fears for her safety and the safety of her family. *See id.*

Because of the allegations of physical, emotional, and sexual abuse, these allegations are highly sensitive and of a personal nature to the Plaintiff. This first factor weighs in favor of proceeding anonymously, and courts have found similarly. *See e.g.*, *Skyline Auto.*, 375 F. Supp. 3d at 405; *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (finding that plaintiff who alleged she was the "victim of a brutal sexual assault . . . has very legitimate privacy concerns"). However, this factor is not dispositive, and the other factors must be considered. For instance, the court in *Skyline Automobile* ultimately denied plaintiff's motion to proceed anonymously despite finding that the first *Sealed Plaintiff* factor weighed in favor of proceeding anonymously. *See Skyline Auto.*, 375 F. Supp. 3d at 405.

B. Factors 2-3: Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm from Identification

The second and third factors evaluate the risks that identification would present and the likelihood of those physical and mental harms. If disclosure creates risk of harm from third parties, disclosure is disfavored. *See Doe v. Solera Capital*, No. 18-cv-1769 (ER), 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019) (plaintiff argued that disclosing her identity would put her at risk of retaliation from her abusive former partner; citing cases). The risks must be more than speculative claims of physical or mental harms. *See Skyline Auto.*, 375 F. Supp. 3d at 406 (citing *Michael v. Bloomberg L.P.*, No. 14-cv-2657 (TPG), 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015)). A risk of retaliation may be found where there is a history of substantiated prior action directed at plaintiff(s) from defendant(s). *See, e.g.*, *Plaintiffs #1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 272 (E.D.N.Y. 2015) ("Plaintiffs have been repeatedly subjected to unconstitutional actions by [defendants], including being stopped and robbed . . . [t]here is some evidence to substantiate this allegation even at this early stage in the litigation because [a

defendant] has been charged criminally."). But, a defendant's prior knowledge of the plaintiff's identity weights against these factors. *See Doe v. United States*, No. 16-cv-7256 (JGK), 2017 WL 2389701, at *3 (S.D.N.Y. June 1, 2017) ("[T]o the extent that any retaliatory motive exists, permitting the plaintiff to proceed anonymously would do nothing to protect [plaintiff] from future retaliatory actions because the [defendant] is already aware of the plaintiff's identity."). Evidence of embarrassment, social stigmatization, and economic harm are insufficient to proceed anonymously. *See Solera Capital*, 2019 WL 1437520, at *4 (citing cases).

Plaintiff argues a risk of physical harm from Defendant, who has threatened to retaliate, reputationally and physically, against Plaintiff. *See* Motion at 2; *see also* Compl. ¶ 200, 181-91. Here, Defendant is already aware of Plaintiff's identity, so there is no risk of *increased* retaliatory harm from Defendant from disclosure of Plaintiff's identity. *See Doe v. United States*, 2017 WL 2389701, at *3 (finding no increased risk from disclosure of plaintiff's identity because defendant already knew it). Additionally, the Preliminary Injunction is designed to protect Plaintiff from retaliation of any kind, including reputation and physical harm. It expressly forbids Defendant from "[a]cting on or making further threats of blackmail, extortion, retaliation and physical violence against Plaintiff and her son," "[u]sing any other means to further intimidate and retaliate, defame, and destroy Plaintiff's reputation," and "[u]tilizing the rolodex and any other materials that Defendant unlawfully obtained from Plaintiff's computer." (ECF 11 at 2). Further, it appears that certain mutual acquaintances are already aware of Plaintiff's identity, even before this suit was filed.[2]  *See* Motion Exs. A & B.

---

[2] The Court does not in any way condone Defendant's behavior in these emails to third parties, which include threats to "destroy [Plaintiff's] reputation" and "retaliating if [Plaintiff's] attacks me with a lawsuit." *See* Motion Exs. A & B. But, presumably as Plaintiff attached these emails to her motion, her acquaintances forwarded these

Plaintiff also argues mental harm, stating that "she is suffering from diagnosed PTSD, severe anxiety, and emotional distress as a result of Defendant's sexual assault and sexual harassment" for which she is "treating with a medical professional." Motion at 2. She further states that revealing her identity "would cause a significant setback in her progress and enhance her anxiety and fears." *Id.* There is a risk of psychological harm if her identity were revealed, but as stated in her Motion, her psychological distress is rooted in her fear that if her identity were to become known Plaintiff would be associated "with the shame that may women endure after having been victims of sexual harassment and assault." Motion at 2; *see* Compl. ¶ 200. But, the risk of social stigmatization and embarrassment is insufficient to proceed anonymously and "courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests." *Abdel-Razeq*, 2015 WL 7017431, at *4 (finding against party seeking anonymity who argued financial hardship and loss of professional goodwill); *see also Skyline Auto.*, 375 F. Supp. 3d at 406 (court denied motion to proceed anonymously where plaintiff alleged that for her colleagues and acquaintances to know of her sexual abuse would further victimize her and identification would cause emotional distress); *cf.* *Solera Capital*, 2019 WL 1437520, at *4 (finding in favor of plaintiff seeking anonymity where plaintiff, a victim of domestic violence, argued that disclosure of her identity could expose her to risk from her former partner)[3]. Allowing Plaintiff to proceed anonymously for these reasons

---

emails to Plaintiff. The Court is also aware that Defendant, after this litigation was filed, continued to contact mutual acquaintances about Plaintiff despite the entry of a temporary restraining order and preliminary injunction. Defendant's alleged violation of the temporary restraining order and preliminary injunction will be examined in a pending motion to find him in civil contempt. (*See* ECF 8, March 4, 2020 Hearing Transcript).

[3] Plaintiff's argument in *Solera Capital* was that disclosing her identity could reveal disclosure of her identity to her abusive former partner, who was not a party to the lawsuit. Plaintiff had changed her name in an effort to hide from her former partner. *See Solera Capital*, 2019 WL 1437520, at *1. The court ultimately found that even this was not a sufficient reason to allow plaintiff to proceed anonymously. *See id.* at *8.

would be to hold that nearly any plaintiff alleging sexual harassment and assault could proceed anonymously. Despite sympathizing with Plaintiff, the Court declines to reach such a blanket holding.

Accordingly, the second and third factors weigh against proceeding anonymously: the Defendant and third parties are already aware of Plaintiff's identity and Plaintiff's fear of reputational harm is not sufficient.

C. Factor 4: Vulnerability and Age of Plaintiff

Courts have been readier to protect the privacy interests of minor plaintiffs than adults "because children are conceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation." *Solera Capital*, 2019 WL 1437520, at *6 (finding *adult* plaintiff who alleged employment discrimination and hostile work environment could not proceed anonymously) (quoting *Doe v. Del Rio*, 241 F.R.D. at 158 (declining to grant anonymity to *adult* plaintiff who alleged sexual assault). Here, the Plaintiff is an adult who has chosen to pursue the litigation. Plaintiff argues that revealing her identity would risk revealing the identity of her minor child. *See* Motion at 2 (citing no case law support for this proposition). That, however, is not the proper analysis which focuses on the age of the *plaintiff*, not associated third parties.[4] *See Sealed Plaintiff*, 537 F.3d at 190; *cf. Doe No. 2 v. Kolko*, 242 F.R.D. 193, 194 (E.D.N.Y. 2006) (granting motion to proceed anonymously to plaintiff who alleged a rabbi sexually abused him as a child).

---

[4] There exists alternate measures to protect her child's privacy. For instance, Plaintiff could request a protective order or agree to redactions.

Accordingly, because Plaintiff is an adult, the fourth factor weighs against proceeding anonymously.

D. Factor 5: Government Action or Private Action

Courts are less likely to grant a motion to proceed anonymously when the suit involves solely private parties, as compared to an action involving the government. *See Sealed Plaintiff*, 537 F.3d at 189; *E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). The reason is that courts recognize "there is a significant interest in open judicial proceedings even in ordinary civil litigation [because they] do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." *Del Rio*, 241 F.R.D at 159.

This action involves private parties, which Plaintiff concedes, *see* Motion at 2, weighing against proceeding anonymously.

E. Factor 6: Scope, Extent, and Possible Mitigation of Prejudice to Defendant

The sixth factor analyzes the prejudice to a defendant if a plaintiff were to proceed anonymously. "Information and allegations that are highly sensitive and of a personal nature can flow both ways." *Skyline Auto.*, 375 F. Supp. 3d at 407 (citing *Anonymous v. Simon*, No. 13-cv-2927 (RWS), 2014 WL 819122 at *2 (S.D.N.Y. Mar. 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff.")). Courts will examine the reputational damage to defendants, difficulties in conducting discovery, and fundamental fairness of proceeding anonymously. *See E.W.*, 213 F.R.D. at 112. There is prejudice against a defendant when a defendant is "required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) (internal quotations

omitted). In cases where plaintiffs allege sexual assault, courts have found a reputational damage risk to a defendant. *See, e.g.*, *Skyline Auto.*, 375 F. Supp. 3d at 407 (plaintiff alleged sexual assault and harassment from coworkers); *Shakur*, 164 F.R.D. at 361 (plaintiff allege that defendants sexually assaulted her)

Although Plaintiff is incorrect that "Defendant will not suffer *any* prejudice," Motion at 2 (emphasis added), Defendant, because he knows Plaintiff's name, is not greatly prejudiced in his ability to conduct discovery. *See Kolkto*, 242 F.R.D. at 198 (holding that since defendants already knew plaintiff's identify, "[o]ther than the need to make redactions and take measures to not disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely plaintiff's anonymity in court papers"). This, however, is not a dispositive factor. Due to the nature of the allegations, which are graphic and serious, the reputational damage risk to Defendant is high and "[f]airness requires that [plaintiff] be prepared to stand behind her charges publicly" because plaintiff "has made serious charges." *Shakur*, 164 F.R.D. at 361; s*ee also Skyline Auto.*, 375 F. Supp. 3d at 407 (in a case alleging sexual harassment, "[a]llowing Plaintiff to proceed anonymously would disadvantage Defendants at all stages of litigation."). Additionally, Plaintiff indicated at the March 4, 2020 hearing that he planned to file counterclaims or a countersuit against Plaintiff for "defamation and libel." Tr. 9:16-17; 31:24-32:16. Allowing Plaintiff to proceed anonymously would hamper Defendant's ability to litigate that action.

The sixth factor weighs against proceeding anonymously.

F.   Factor 7: Status of Confidentiality in the Proceedings

The seventh factor examines whether the plaintiff's identity has thus far been kept

confidential. *See Sealed* Plaintiff, 537 F.3d at 190. Other than mentions in a filing by Defendant,

under seal, Plaintiff has remained anonymous in this action. As stated earlier, *see supra* Factors

2-3, certain of Plaintiff's acquaintances are already aware of this action as is Defendant.

The seventh factor weighs neutrally in proceeding anonymously.

G.   Factors 8 and 9: Public Interest in Litigation Furthered by Disclosure and Nature of the
     Issues

The eighth and ninth factors direct courts to balance whether the public's interest in the

litigation is furthered by disclosure of the plaintiff's identity, but if the issues are purely legal in

nature, there is weak public interest. *See Sealed Plaintiff*, 537 F.3d at 190. "Where the litigation

involves, not abstract challenges to public policies, but rather . . . particular action and

incidents, open proceedings nevertheless benefit the public as well as the parties and also serve

the judicial interest in accurate fact-finding and fair adjudication." *North Jersey Media Grp Inc.*

*v. Doe Nos. 1-5*, No. 12-cv-6152 (VM) (KNF), 2012 WL 5899331, at \*8 (S.D.NY. Nov. 26, 2012)

(internal quotations omitted). For instance, when plaintiffs challenged the policies of the United

States Citizenship and Immigration Services, that is "a pure question of law" because, among

other things, plaintiffs argued that the policies violated the Administrative Procedure Act and

was based on an erroneous understanding of federal and state laws. *See R.F.M. v. Nielsen*, 365

F. Supp. 3d 350, 372 (S.D.N.Y. 2019).

Here, the allegations do not involve abstract questions of law, but specific factual

allegations of harassment and assault, of both a non-sexual and sexual nature, and other

mistreatment and abuse by Defendant. *See* Compl. ¶¶ 6-8, 162-237. These issues "further the

public's interest in enforcing legal and social norms." *Skyline Auto.*, 375 F. Supp. 3d at 408

(citing *North Jersey*, 2012 WL 5899331, at *8). Plaintiff is incorrect that because Defendant is

not a corporation or a government body and the dispute is between Plaintiff and Defendant

there is no public interest in disclosing Plaintiff's name. *See* Motion at 3.

The eighth and ninth factors weigh against proceeding anonymously.

H. Factor 10: Alternative Mechanism for Protecting Confidentiality

The final factor asks courts to consider what other mechanisms exist for protecting

plaintiff's confidentiality. *See Sealed Plaintiff*, 537 F.3d at 190. Other mechanisms that exist

include redaction of documents and/or sealing, protective orders, and confidentiality

agreements. *See Skyline Auto.*, 375 F. Supp. 3d at 408.

As stated previously, there is a preliminary injunction in place. (ECF 11). Among other

protections, it prohibits Defendant from using Plaintiff's rolodex and retaliating or harming

Plaintiff and/or her reputation. Additionally, names of minors, like Plaintiff's son, can be

redacted and/or sealed in any filing. Parties could also seek a protective order in which there is

a confidentiality provision for documents and/or testimony that contain sensitive information.

Because of alternate mechanisms to protect Plaintiff's privacy, the tenth factor weighs against

proceeding anonymously.

V.   **CONCLUSION**

Plaintiff's allegations are not to be taken lightly, and her desire to proceed anonymously

is understandable and not to be trivialized. The Court recognizes the difficulty victims face in

coming forward with their stories and seeking justice, and sympathizes with Plaintiff. However,

the majority of the *Sealed Plaintiff* factors weigh against granting Plaintiff's Motion. For the

aforementioned reasons, Plaintiff's Motion to Proceed Anonymously (ECF 30) is hereby

**DENIED**. This Order is **STAYED** until Judge Carter rules on my report and recommendation, also

filed today, to modify the Preliminary Injunction (ECF 11). **Unless and until Judge Carter**

**modifies the Preliminary Injunction, the Preliminary Injunction remains in full force and**

**effect.**

Each party shall submit a **status letter by May 26, 2020**.

Plaintiff is directed to email and mail a copy of this Order on the *pro se* Defendant and

**file proof of service** on the docket within seven days of this Order.

The Clerk of Court is directed to close ECF 30.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: May 12, 2020                                    **Ona T. Wang**
        New York, New York                    United States Magistrate Judge