```
J9B7TOWC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JANE DOE,

                Plaintiff,

           v.                              19 Civ. 8034 (ALC)(OTW)

DAVID K. TOWNES,

                Defendant.

------------------------------x
                                           New York, N.Y.
                                           September 11, 2019
                                           2:00 p.m.

Before:

                 HON. ANDREW L. CARTER, JR.

                                           District Judge

                       APPEARANCES

DEREK SMITH LAW GROUP
     Attorneys for Plaintiff
BY:  DANILO BANDOVIC
```

J9B7TOWC

1            (In open court)

2            (Case called)

3            MR. BANDOVIC:  Danilo Bandovic for the plaintiff.

4            THE COURT:  OK.  Good afternoon.  We had scheduled
5    this for 2 o'clock.  It's about 2:26.  Mr. Townes hasn't shown
6    up.  Yes, counsel?

7            MR. BANDOVIC:  No.

8            THE COURT:  So everything appears to be in order.  The
9    affidavit of service has been filed, so we will enter a
10   preliminary injunction.  And is there anything else from
11   plaintiff today?

12           MR. BANDOVIC:  Actually, your Honor, a few things
13   today.  So, I have been on my honeymoon for the last two weeks,
14   and my plaintiff informed me while I was away that the
15   defendant had violated the temporary restraining order that
16   your Honor had issued multiple times, sending several e-mails
17   to people informing them the plaintiff's name, giving
18   outrageous lies about the plaintiff and her stature, trying to
19   ruin her reputation.  Pretty much everything that's in the TRO
20   that your Honor issued, we believe that the defendant has
21   violated or intensified.  So we would like to discuss with your
22   Honor or give a statement to the Court about what we would like
23   for this Court to do, because it appears that Mr. Townes will
24   continue to violate every restraining order, every order that
25   this Court issues.

1     THE COURT:  OK.  So what is it that you want me to do.

2     MR. BANDOVIC:  Your Honor, I have in front of me just
3  a few things obviously that I would like your Honor to review,
4  if possible, maybe in camera, specifically some of the e-mails
5  that he sent out, so your Honor can determine potentially the
6  most appropriate way to deal with the situation, including any
7  sanctions against Mr. Townes.

8     I do believe that he is an attorney, that he went to
9  Harvard Law School and he understands the veracity of his
10 actions.  He has been held in contempt several times before,
11 especially during his divorce proceeding, so much so that he
12 received jail time for his contempt.

13    THE COURT:  What is it you would be asking me to do
14 ultimately about this?

15    MR. BANDOVIC:  Well, a couple of things, your Honor.
16 So, number one, I have a list prepared here.  Number one,
17 obviously to hold Mr. Townes in contempt of court for each of
18 the times he has defamed plaintiff or revealed her name to
19 outside parties.  And with that we would like to ask obviously
20 that he either be arrested or some other sanctions put on him,
21 because this is not the first time he has violated a court
22 order, and we feel it won't be the last.

23    Second, obviously plaintiff has several items that Mr.
24 Townes is still in possession of, admittedly even per the
25 e-mails he has sent out.  He has admitted he still has some of

1  her stuff, and we would like that the Court issue an order that
2  Mr. Townes cannot remove any of those items from his apartment,
3  and to allow plaintiff to go to the apartment and pick up her
4  belongings and her young child's belongings, all her personal
5  belongings.  Some of these include certain things especially
6  memorabilia from her deceased father who was a very prominent
7  man in Canada, and he gave her a lot of sentimental items which
8  Mr. Townes still has in his possession.
9          We would also like to ask that this Court issue
10 sanctions if Mr. Townes were to continue doing this, in the
11 amount of $50,000 per incident should he, for example, send
12 another e-mail out to someone else, or another e-mail defaming
13 plaintiff or trying to ruin her reputation.
14         THE COURT:  What is it you are asking me to do today?
15         MR. BANDOVIC:  Today we would obviously like him to be
16 held in contempt of court, because this is exactly the reason
17 why we asked for this TRO.
18         THE COURT:  OK, I'm not going to do that today.  You
19 need to file a motion.  You need to first I guess file a letter
20 motion seeking permission to file a motion for contempt, if
21 that's what you wish to do.  The defendant has a right to be
22 notified of this in writing.  Defendant has a right to be on
23 notice of this.  I'm not going to just order someone in
24 contempt ex parte.  They're not here.  So if you wish to file a
25 motion for contempt and/or a motion for sanctions, then what

1  you should do is you should file a premotion conference letter,
2  on notice to the defendant, indicating the relief that you're
3  seeking, and we will give the defendant an opportunity to
4  respond.
5        I will note that I don't even believe that the date
6  for the answer -- the deadline for the answer -- has passed
7  yet.  I think the defendant still has time to answer the
8  complaint.
9        So, I'm not going to do any of these things ex parte,
10 but you can file a letter requesting a premotion conference
11 seeking this relief.  We will give the defendant an opportunity
12 to respond to that letter, and then I will decide whether or
13 not to have a premotion conference or simply set a briefing
14 schedule, however the case may be.
15        MR. BANDOVIC:  Your Honor, thank you for that.  The
16 one concern that I have and that plaintiff has is that Mr.
17 Townes has specifically said in multiple letters -- and I have
18 evidence for your Honor to see -- that he intends on either
19 destroying the items that he still has, that he intends on
20 continuing to defame plaintiff and try to ruin her reputation,
21 and we're just begging this Court today to impose something on
22 the defendant to make him stop, because we don't think that he
23 will.
24        THE COURT:  OK.  Again, I am not going to do that
25 today.  You can file the letter today, and we can have a quick

1  turn around on all of this, but you need to file something.
2  The defendant has a right to have notice of this.  I'm not just
3  going to do that ex parte.  You're asking for some pretty
4  serious relief there, and the defendant has a right to be
5  notified of this in writing.
6           OK?  So, I will give you permission to file again a
7  premotion conference letter.  You can file it today, and we
8  will give the defendant a chance to respond to it, and we will
9  take it from there.
10          MR. BANDOVIC:  How long does the defendant have to
11 respond to the letter?
12          THE COURT:  I would give him ordinarily 30 days to
13 respond.
14          MR. BANDOVIC:  Thank you, your Honor.
15          Would your Honor like to see any of the evidence that
16 we've brought today with regards to plaintiff and some of the
17 e-mails that defendant has sent out defaming her reputation?
18          THE COURT:  No.
19          MR. BANDOVIC:  If we were to file the letter, would
20 your Honor like these included with the letter as filed?
21          THE COURT:  That's up to you.  You can.  That's up to
22 you.
23          MR. BANDOVIC:  Thank you.
24          THE COURT:  OK.  Anything else from plaintiff?
25          MR. BANDOVIC:  Your Honor, the plaintiff would like to

1   make a statement in front of your Honor today, if your Honor
2   would allow that.
3               THE COURT:  To what end?
4               MR. BANDOVIC:  To state for the record exactly and
5   preserve the record with regards to what has happened to her
6   over specifically the last week or so since Mr. Townes,
7   defendant Townes, has started e-mailing all of her contacts,
8   trying to ruin her reputation and trying to essentially
9   blackmail her from continuing this lawsuit.  It is almost
10  reaching to the level of a criminal matter, your Honor.
11              THE COURT:  Why is it that you want to do this?  I'm
12  failing to understand.  You say to preserve the record.  What
13  part of this do you feel is not going to be on the record?
14  What part of this in terms of her statements about what has
15  happened, what is the danger of that information being lost in
16  terms of her statements as to what he has done?  There is no
17  need to preserve the record.  It does seem to me that it's
18  also -- again, I want to give the defendant an opportunity to
19  respond.  So far this case has been allowed to proceed
20  anonymously.  I don't know how long that's going to continue or
21  if that's going to continue.  Right now it's continuing
22  anonymously.  By having the plaintiff on the record state all
23  of these other things, I would think that that very well might
24  reveal information as to her identity which is one of the
25  things that you've been trying to protect.  So it seems to me

J9B7TOWC

1  having her make these sorts of statements is counterproductive
2  to what you've been trying to do, it seems to me.  But what are
3  your thoughts on that?
4          MR. BANDOVIC:  Can I speak to my client?  Your Honor,
5  we do agree with your position on that.
6          THE COURT:  OK.  Anything else from plaintiff today?
7          MR. BANDOVIC:  No, that is it, your Honor.  Thank you.
8          THE COURT:  OK.  We are adjourned.  Thank you.
9          (Adjourned)