UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JANE DOE,                                                                          Case No: 19-CV-0834

                        Plaintiff,

    -against-

                                                               **SUPPLEMENTAL BRIEF**
                                                                **& AFFIRMATION**
DAVID K. TOWNES, individually,                                    **REGARDING SERVICE**

                      Defendant.
--------------------------------------------------------X

## SUPPLEMNTAL BRIEF AND AFFIRMATION OF DANILO BANDOVIC, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT

**DANILO BANDOVIC, ESQ.,** an attorney duly admitted to practice law before the Courts of the State of New York and before this Tribunal, affirms the following under penalty of perjury:

**(1) Plaintiff's Service of the TRO**

1. On August 28, 2019, Plaintiff filed a Complaint (hereinafter "Complaint") and Temporary Restraining Order (hereinafter "TRO") against Defendant David K. Townes (hereinafter "Defendant Townes" or "Townes").

2. Plaintiff was granted a Temporary Restraining Order on August 28, 2019, by Hon. Judge Andrew L. Carter, Jr.

3. In the late afternoon of August 28, 2019, Hon. Judge Andrew L. Carter, Jr. ordered Plaintiff to serve David K. Townes personally with the Order to Show Cause, Motion for TRO and Preliminary Injunction, Memorandum of Law, Declaration and Proposed Order to Show Cause on or before 10:00 a.m. the next day, August 29, 2019.

4. New York CPLR 308 entitled "Personal Service upon a natural person" states:

    a. Personal service upon a natural person shall be made by any of the following methods, in part:

        i. by delivering the summons within the state to the person to be served; or

        ii. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law ; or

5. After receiving the Order, Plaintiff's counsel immediately worked closely with a process server to effectuate serve Defendant Townes personally with less than 24 hours' notice.

6. On August 29, 2019, at 9:58 AM, Plaintiff's process server Intercounty Judicial Services ("IJS") served a copy of the Order to Show Cause, Motion for TRO and Preliminary Injunction, Memorandum of Law, Declaration, Complaint and Proposed Order to Show Cause upon Jone Marie, a personal of suitable age and discretion located at 250 Park Avenue, New York, NY 10177.

7. 250 Park Avenue, New York, NY 10177 is the address for Defendant Townes' place of business, Needham & Company, LLC.

8. Service upon Defendant Townes at this location was completed by mailing a true copy of the above stated documents to Defendant Townes in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

9. A true and correct copy of this Affidavit of Service is located at Dkt. 6.

10. On August 29, 2019, at 9:47 AM, IJS served a copy of the Order to Show Cause, Motion for TRO and Preliminary Injunction, Memorandum of Law, Declaration, Complaint and Proposed Order to Show Cause upon "John Doe," a doorman in Defendant Townes' building, who refused to provide his name, a personal of suitable age and discretion located at 900 Park Avenue, Apt 23B, New York, NY 10177.

11. 900 Park Avenue, Apt 23B, New York, NY 10177 is the last home address recorded for Defendant Townes.

12. Service upon Defendant Townes at this location was completed by mailing a true copy of the above stated documents to Defendant Townes in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

13. A true and correct copy of this affidavit is located at Dkt. 7.

### (2) Townes' Constructive Knowledge of TRO

14. Defendant Townes had constructive and actual knowledge of the TRO because the e-mails that Defendant Townes sent to six (6) of Plaintiff's close friends all made specific reference to the Complaint that Plaintiff filed and the allegations in the Complaint. (Dkt. 41 Exhibits 1-6).

15. Neither Plaintiff nor Plaintiff's counsel contacted Defendant Townes or made Defendant Townes aware that a Complaint was filed against him, or going to be filed against him prior to the Complaint being filed and Defendant Townes being served with said Complaint and TRO.

16. In Defendant Townes' emails contacting third parties and revealing Plaintiff's identity and defaming Plaintiff which are now the subject of these contempt papers (Dkt. 41 Exhibits 1-6), Defendant Townes makes specific references to this present lawsuit and the ongoing legal dispute between the Plaintiff and Defendant.

17. Defendant Townes would have had no way of knowing about the details of the instant suit, or any of the allegations against him made by Plaintiff, had he not been <u>served</u>, had <u>not read</u>, and was <u>not able</u> to understand the contents of the lawsuit that was filed against him on August 28, 2019.

18. Logically speaking: the emails that Defendant Townes' sent in violation of the Temporary Restraining Order, specifically addressing this lawsuit which he could not have known about otherwise, are *de facto* proof that Defendant Townes was aware of the TRO. This is evidenced by the fact that Defendant Twones was served with the TRO at the same time he was served with the Complaint (*albeit without a Summons, which was served later in accordance with Court rules*). (Dkt. 6 & Dkt. 7).

19. Defendant Townes even confirmed as much during the Evidentiary Hearing held on March 3, 2020: "Okay. So the facts are that people that I contacted are mutual friends who are cordial mutual friends that I thought would have some influence with *Ms. Doe* to get this out of an absurd litigation situation and have what should have happened a fact-based, equity-based settlement of the matters between us. **I thought I was perfectly reasonable to reach out to mutual friends** […]" (**emphasis added**). Thus, Defendant Townes admitted <u>on the record</u> that he was contacting mutual friends in order to "Get out of this absurd litigation situation," clearly demonstrating that he was aware of the lawsuit filed against him and must necessarily been aware of the TRO.

20. Furthermore, it would be <u>incredulous</u> for Defendant Townes to state that he was only aware of the Complaint and not the TRO because the Summons and Complaint was officially served well-after he sent his emails in violation of the Temporary Restraining Order.

21. During the Evidentiary Hearing held on March 3, 2019, Defendant Townes stated, "Now, from there I take the position that **I did nothing in contempt of Court** except try to find a way to peacefully resolve this absurd situation." (**emphasis added**). Again, Defendant Townes attempts to argue that he was not in violation of the legal TRO issued by the Court and thereby admits in his own words on the record, after being sworn in, that he was aware of the TRO and the Complaint and chose to not abide by it.

22. Defendant Townes is a law school graduate and is must be well aware of the implications of a Court's Temporary Restraining Order and the proper mechanisms through which to oppose it. Still, Defendant Townes chose to ignore this Court's Order of August 29, 2019 (Dkt. 4), to appear on September 11, 2019 at 2:00 p.m. and show cause why an order should not be issued. Defendant Townes did not show up for this hearing.

### (3) **Plaintiff's Service of Sept 17, 2019 Papers**

23. On August 28, 2019, Plaintiff's counsel filed a Request for Issuance of Summons as to David K. Townes. (Dkt. 4)

24. On September 12, 2019, this Court issued a Summons for Defendant Townes with regards to Plaintiff's complaint (Dkt. 9).

25. On September 16, 2019, at 11:23 AM, Plaintiff's process server Intercounty Judicial Services ("IJS") served a copy of the Summons in a Civil Case and Complaint upon "Rod "Doe"," a doorman in Defendant Townes' building, a personal of suitable age and discretion located at 900 Park Avenue, Apt 23B, New York, NY 10177.

26. 900 Park Avenue, Apt 23B, New York, NY 10177 is the last home address recorded for Defendant Townes.

27. Service upon Defendant Townes at this location was completed by mailing a true copy of the above stated documents to Defendant Townes in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

28. A true and correct copy of this affidavit is located at Dkt. 13.

29. On September 17, 2019, while IJS had the documents to attempt personal service, by coincidence, Defendant Townes **physically entered** IJS's Mineola office located at 85 Willis Ave Suite F, Mineola, NY 11501.

30. According to an IJS representative's correspondence via e-mail, "He was served in hand on 9/17 in our office. He happens to be a pro se client of ours and came in while we had it out for service. My boss served him."

31. Defendant Townes was served with the Summons and Complaint, in person, on September 17, 2019. This is reflected in a true and correct copy of the Affidavit of Service filed as Dkt. 14.

DATED:   White Plains, NY
         May 27, 2020

                                                     DEREK SMITH LAW GROUP, PLLC
                                                     *Attorneys for Plaintiff*
                                                     By: /s/ Danilo Bandovic
                                                     Danilo Bandovic, Esq.
                                                     1 Penn Plaza, Suite 4905
                                                     New York, NY 10119
                                                     (212) 587-0760