UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER BAWDEN,

                      Plaintiff,

- against -

DAVID K. TOWNES,

                      Defendant.

Case No. 1:19-cv-08034-ALC-OTW

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

### NATURE OF MOTION AND RELIEF SOUGHT

Plaintiff, by and through her attorneys, Derek Smith Law Group, PLLC, hereby moves this Court to strike the defendant's Answer pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), or in the alternative to strike all of defendant's affirmative defenses[1], as he has violated the Court's directives regarding discovery and has failed to cooperate in discovery through a failure to produce Rule 26(a) Initial Disclosures and has failed to respond to Plaintiff's discovery demands. Plaintiff's counsel has expended a significant amount of time and resources repeatedly following up and attempting to work with Defendant Townes in good faith, to no avail. Additionally, Plaintiff asks this Court to grant attorney's fees and costs in preparing this motion, especially if Defendant Townes manages to comply with this Court's orders and his discovery obligations after these motions have been filed.

### BACKGROUND

**A. Relevant Facts and Procedural History to Illustrate Defendant's Townes' Blatant Disregard for the Discovery Process.**

Throughout discovery in this matter, Defendant has consistently failed to engage in the discovery process. Plaintiff commenced this action by filing a complaint on August 28, 2019. Since

---

[1] Defendant's Answer as filed does not appear to state any viable affirmative defenses.

1

then, Defendant Townes has engaged in a pattern of non- cooperation which justifies sanctions, namely, the striking of his answer.

Plaintiff's counsel and Defendant Townes appeared for a status conference on October 20, 2020 [Dkt. 70]. At this conference, this Court ordered counsel for plaintiff to meet and confer with defendant and file a revised 26(f) Case Management Plan, by December 1, 2020. Additionally, this Court ordered the parties to exchange initial disclosures by December 18, 2020. This Court and plaintiff's counsel served defendant with these Orders. During this hearing, Defendant Townes stated regarding his 900 Park Avenue, New York, New York 10075 address for service, "I think that address is *bulletproof*." (*See* Exhibit A).

On November 24, 2020, plaintiff's counsel sent an email communication to defendant asking for his input and requesting a phone call to meet and confer. (*See* Exhibit B). A few moments later, Plaintiff's counsel called Defendant Townes to discuss the 26(f) report. During the phone call, Defendant Towns simply stated, in sum or in substance, "a lawsuit will be filed against the other party" and hung up the phone. Plaintiff's counsel called Defendant Townes back immediately, but he did not pick up the call. Plaintiff's counsel followed up with an email memorializing the conversation, to which Defendant Townes did not respond. (*See* Exhibit C). On November 30, 2020, Plaintiff's counsel sent another email to Defendant Townes asking for input on the 26(f) report dates. (*See* Exhibit D).

After the email, plaintiff's counsel called defendant wherein, during the phone call, defendant verbally agreed to certain dates on the 26(f) report. Plaintiff's counsel followed up with an e-mail memorializing the call, providing defendant a copy of the 26(f) report that was agreed to by the parties. (*See* Exhibit E). Plaintiff's counsel then filed the 26(f) report on December 1, 2020 as ordered by the Court. [Dkt. 76].

The 26(f) Discovery Plan Report contained the following dates, amongst others, as agreed upon by and between plaintiff's counsel and defendant [Dkt. 76]:

I. All Depositions completed by April 1, 2021
II. Initial Requests for Documents must be made by January 15, 2021
III. Responses to Requests for Documents must be made by March 1, 2021

This Court approved the 26(f) Discovery Plan Report and Ordered the parties to file a joint letter on January 14, 2021, informing the Court about the status of discovery and any outstanding disputes. The Court mailed this Order to Defendant Townes at 900 Park Avenue, New York, NY 10075, as did Plaintiff.

On December 18, 2020, Plaintiff served Defendant Townes with Plaintiff's 26(a) Initial Disclosures via electronic mail. (*See* Exhibit G). Plaintiff also served Defendant Townes with the same 26(a) Initial Disclosures by USPS Certified Mail. (*See also* Exhibit G). Defendant Townes has failed to serve Plaintiff with his 26(a) Initial Disclosures as required by FRCP Rule 37.

On January 13, 2021 at 1:22 p.m., Plaintiff's counsel e-mailed defendant confirming that he had already called defendant that same day and left a voicemail. Plaintiff's counsel asked defendant to provide a status update on the production of his Rule 26(a) Initial Disclosures. Plaintiff's counsel also asked defendant to provide input into the joint letter due on January 14, 2021 regarding the status of discovery. Plaintiff's counsel attached to this e-mail a copy of Plaintiff's Rule 26(a) Initial Disclosures, this Court's Scheduling Order [Dkt. 77], and a draft of the joint discovery status letter due January 14, 2021. (*See* Exhibit H).

On January 14, 2021, Plaintiff's counsel once again e-mailed Defendant Townes to inquire about whether Defendant Townes has any input into the joint letter. (*See* Exhibit I). Several hours later, Plaintiff's counsel filed the joint status letter and advised the Court that Defendant Townes had not contributed to the joint status letter and that he had failed to produce Rule 26(a) Initial Disclosures, as well as advising the Court that Plaintiff's counsel did not expect to receive

3

defendant's discovery requests. [Dkt. 78]. Plaintiff's counsel sent another email to defendant Townes, providing him with a copy of the Joint Status Letter that was filed. (*See* Exhibit J) Defendant Townes responded stating, "I will not be able to respond until Monday. Thus the letter as it stands does not have my approval. Please standby." (*See* Exhibit K). Plaintiff's counsel informed Defendant Townes that the letter had already been filed. (*See* Exhibit L) Defendant's response to this email certifies without doubt his ability to access, read, and respond to his emails through his email account.

On January 15, 2021, Plaintiff's counsel served defendant with Plaintiff's First Set of Documents Demands and Plaintiff's First Set of Interrogatories by email and USPS. Defendant Townes failed to serve Plaintiff with any document demands in accordance with the 26(f) Discovery Plan Report. (*See* Exhibit M).

On January 19, 2021, this Court endorsed the letter motion Plaintiff filed and warned Defendant Townes to "serve his initial disclosures by February 2, 2021. Defendant is warned that failure to comply with his discovery obligations may result in a recommendation that his answer be stricken and a default judgment be entered against him…" [Dkt. 79]. Plaintiff properly served Defendant and filed Affirmations regarding same. The order was also mailed to defendant by the Court clerk. [Dkt. 80]. (*See also* Exhibit N).

Plaintiff's counsel contacted defendant by email again on February 10, 2021, to inquire about the status of the Rule 26(a) disclosures which were now almost two months overdue. (*See* Exhibit O). Defendant did not respond to this inquiry. Plaintiff's counsel contacted defendant again on February 11, 2021, and provided a drafted joint status letter as ordered by the Court, and asked for defendant's input. (*See* Exhibit P) Defendant did not respond to the email inquiry. On February 12, 2021, plaintiff filed a status report regarding the status of discovery and moved the Court for leave to strike defendant's answer for a willful failure to comply with discovery obligations. [Dkt.

81]. Plaintiff sent the filed version of this status report to defendant by email. (*See* Exhibit Q).

In response to Plaintiff's application, this Court issue a strict order regarding compliance with discovery obligations:

> "ORDER: It is HEREBY ORDERED that Defendant serve his Rule 26(a) Initial Disclosures to Plaintiff by March 10, 2021. If Defendant continues to fail to comply with his discovery obligations, it is FURTHER ORDERED that: Plaintiff's motion to strike Defendant's answer is due by March 17, 2021; Defendant's opposition due by April 19, 2021; Plaintiff's reply due by May 4, 2021. Plaintiff is directed to serve a copy of this Order by email and mail on Defendant within three days of this Order and file proof of service. The Clerk of Court is respectfully directed to mail a copy of this Order and the docket sheet to the pro se Defendant."

[Dkt. 82]. This order was mailed to defendant by the clerk as well as served upon him by Plaintiff's counsel via electronic mail in accordance with the Court's order. [Dkt. 83].

Defendant's failure to provide just a simple Rule 26(a) Disclosure, one of the basics required under the FRCP, completely stalls this case and prevents plaintiff from examining relevant documents and witnesses. Defendant's failure to serve Plaintiff with discovery demands and his failure to respond to Plaintiff's discovery demands practically guarantees that Plaintiff continues to wait by the sidelines, while she is ready to prosecute her claims against him. Defendant's continued practice of failing to respond to FRCP discovery guidelines, his non-cooperation with Plaintiff's counsel, and his willful failure to engage in the discovery process have caused unnecessary delay in the timely administration of this matter. For the foregoing reasons, sanctions are justified.

## DISCUSSION

Under Rule 37 of the Federal Rules of Civil Procedure, among other sanctions, the Court may "strik[e] pleadings in whole or in part" for a party's failure to comply with the Court's discovery order. Fed. R. Civ. P. 37(b)(2)(A)(iii); s*ee Worldcom Network Servs., Inc. v. Metro Access, Inc.,* 205 F.R.D. 136, 143 (S.D.N.Y. 2002) ("[S]anctions are permissible under Rule 37(b)(2) when a party fails to comply with a court order, regardless of the reasons."). In addition,

this Rule provides that in lieu or in addition to other orders "the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *Id.* Courts have inherent authority to set and enforce deadlines for the management of litigation. *See Car–Freshner Co. v. Air Freshners, Inc.,* No. 10 Civ. 1491(GTS), 2012 WL 3294948, at *3 (N.D.N.Y. Aug. 10, 2012).

A trial court has broad discretion in imposing sanctions under Rule 37. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). In determining whether sanctions are appropriate pursuant to Rule 37, the Court looks to certain factors, including, *inter alia*: (a) willfulness or bad faith of the noncompliant party; (b) the duration of the period of noncompliance; and (c) prejudice to the moving party. *See, e.g., Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-54 (2d Cir. 1995); *Am. Cash Card Corp. v. AT&T Corp.*, 184 F.R.D. 521, 524 (S.D.N.Y. 1999).

As set forth in *Burke v. ITT Automotive, Inc.*, 139 F.R.D. 24 (W.D.N.Y.1991), in crafting an appropriate sanction courts consider: (1) the history of the failure to comply with court orders; (2) whether the party violating the order was given adequate time to comply with it; (3) the effectiveness of alternative sanctions; (4) whether the noncomplying party was warned of and given an opportunity to argue against the proposed sanction; (5) the prejudice to the adversary caused by the failure to comply; (6) whether the documents at issue would normally be readily obtainable; and (7) the extent of the party's personal responsibility.

### A. Willfulness

"'Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due

6

to factors beyond the party's control.'" *Davidson v. Dean*, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (quoting *Baba v. Japan Travel Bureau, Int'l, Inc.*, 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir.1997)).

In the present case, the Court's orders[2] to defendant have been clear and unambiguous, having been made on multiple occasions. The aforementioned orders have been made via telephonic conferences and via written order by this Court, which the clerk has mailed to defendant at the "bulletproof" address he provided during a recorded telephonic conference, on the record. The orders have been served on defendant, repeatedly, through e-mail and certified mail, by this Court and by plaintiff's counsel. Defendant has not once requested an extension of time from plaintiff's counsel or the Court regarding any discovery deadlines or orders. Most importantly, despite the warnings and orders, defendant has not presented good cause to plaintiff's counsel or this Court explaining his abysmal failure to comply with his discovery obligations as a defendant under the FRCP and to comply with this Court's clear and unambiguous orders.

**B. Period of Noncompliance**

As illustrated above, the period of noncompliance has been since December 18, 2020, which is when the Rule 26(a) disclosures became due. It is to be reminded that Defendant has failed to comply with additional discovery protocols including collaboration on 26(f) reports, a failure to serve Plaintiff with discovery demands, and a failure to respond to Plaintiff's discovery demands. Accordingly, the period of noncompliance has been pervasive; significantly impacting plaintiffs' effort to prosecute this case and adding to the delay which this case has already incurred due in part to defendant's actions requiring Plaintiff to move for contempt against him. This Court

---

[2] The Court has ordered defendant to comply with discovery obligations and warned defendant two times that a failure to comply may result in his answer being stricken, on January 19, 2021, and again on February 24, 2021. These orders were mailed to defendant by the Court and emailed by counsel for plaintiff.

has already warned the defendant on multiple occasions that he must comply with orders, and now it appears as though defendant's participation in this matter has ceased.

As of the filing of this motion, defendant's Rule 26(a) disclosures are 88 days past due, his discovery demands are 60 days past due, and his responses to Plaintiff's January 15, 2021 discovery demands are 15 days past due. Defendant has constructively abandoned his defense of these claims.

### C. Prejudice to the Moving Party

As this matter was commenced on August 28, 2019, it has been close 566 days since the complaint was filed and Plaintiff is still not in possession of any substantive discovery, or attempts at providing discovery, by defendant. As time goes on, people's memories will fade and documents may be lost or misplaced. Individuals move and become harder to locate and depose, requiring further costs and delay. More importantly, Plaintiff has been ready to prosecute her claims since she filed this lawsuit, and this delay tactic by defendant only serves to preclude her from seeking the justice she deserves. Even considering if defendant were to miraculously begin complying with this Court's orders now, he will continue to delay and ignore this Court's orders, just as he has before. Accordingly, this Court should impose sanctions on defendant to prevent him from further non-compliance with his discovery obligations.

### D. Alternative Sanctions

Should this Court not be inclined to strike defendant's answer, plaintiff respectfully moves this Court to enforce other sanctions on defendant in the interim, including, but not limited to those available under Rule 37 (b)(2)(A) such as: precluding the defendant from bringing counterclaims, precluding the defendant from supporting or opposing designated claims or defenses, precluding the defendant from introducing matters into evidence, and rendering a default judgment against the defendant.

Under the *Burke* analysis, this Court will be absolutely justified in awarding the harshest sanctions against defendant. Defendant has failed to comply with Court orders in the past, requiring plaintiff to file a motion for contempt in 2019. Defendant has been given adequate time (and countless warnings) to comply with his failures in discovery, including mailings from this court and multiple mailings and emails from plaintiff's counsel asking for updates and warning about the ramifications of continued failures to cooperate with discovery. Albeit appearing *pro se*, it is surely not the job of Court to hold defendant's hand through the litigation process, particularly after the Court explained to the defendant how to engage with *Pro Se* Office. It would be one thing if defendant had not met deadlines and contacted counsel to ask for extensions, however that is not the case here. Defendant has abandoned his defense of this matter.

While lesser sanctions may be considered if the defendant was present to defend the case, it appears as though Defendant Townes has completely skirted his responsibilities required under FRCP. Thus, the only adequate sanction is the striking of defendant's answer from the record. As is evident from the docket, defendant was given more than enough time to prepare for discovery and for any proposed sanctions. The telephonic conference, held on October 20, 2020, gave defendant almost two months prior to his Initial Disclosures becoming due to prepare them. This Court even asked defendant to visit the Court's website and the *Pro Se* office.

Plaintiff is undoubtedly prejudiced by defendant's failure to comply with his discovery obligations: her case is now stalled and requires motion practice in order to protect her interests and effectuate timely prosecution of her claims against defendant. Defendant has confirmed, on the record, his personal address, and thus he cannot argue that he has not been properly served or is unaware of this Court's very clear and unambiguous orders. Even despite this Court's many requests that defendant create an account with ECF to receive electronic filings, he has failed to do so. In fact, defendant response to plaintiff's counsel's email on January 14, 2020 is evidence

that defendant is aptly aware of the deadlines in this case and has actively chosen to disregard them. He has not asked for an extension from plaintiff's counsel nor has he applied to the court for extensions or provided good cause as to why he has failed to comply with his discovery obligations and his court's orders. Accordingly, no sanction is more appropriate than having his answer stricken from the record and allowing plaintiff to move for default and attorney's fees.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court enter an Order:

(i) For sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure striking Defendant Townes' answer to Plaintiff's August 28, 2019 complaint;

(ii) For sanctions precluding Defendant from filing crossclaims or counterclaims against Plaintiff;

(iii) For sanctions precluding Defendant from asserting affirmative defenses to Plaintiff's causes of action;

(iv) For sanctions precluding Defendant from objecting to discovery;

(v) Granting Plaintiff's counsel leave to file a motion for attorney's fees in preparing this motion to strike and for costs in service of same;

(vi) For such other and further relief as this Court may deem just and proper.

Dated: New Rochelle, New York
March 17, 2021

**DEREK SMITH LAW GROUP, PLLC**

By: /s/ Danilo Bandovic
Danilo Bandovic, Esq.
*Attorneys for Plaintiff*
1 Penn Plaza, Suite 4905
New York, New York 10801
(212) 587-0760

TO:

David K. Townes
900 Park Avenue
New York, NY 10075
*And via email to* davidtownes@pobox.com