```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
JENNIFER BAWDEN,                                             :
                                                             :
                              Plaintiff,                     :   19-CV-8034 (ALC) (OTW)
                                                             :
              -against-                                      :   **REPORT & RECOMMENDATION**
                                                             :
DAVID K. TOWNES,                                             :
                                                             :
                              Defendant.                     :
                                                             :
-------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable Andrew L. Carter, United States District Judge:**

The action is before me for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement. On April 8, 2021, I issued an Order to Show Cause why I should not grant Plaintiff's motion to strike Defendant's answer. (ECF 89). Due to *pro se* Defendant's failure to show cause why I should not recommend that his Answer be stricken, I now recommend that Defendant's Answer be stricken, and that Plaintiff be directed to file a motion for default within 30 days of this Order.

Procedural History

On December 2, 2020, the Court scheduled a status conference for April 7, 2021 at 10:30 am and stated that it would "inform parties closer to the date whether the conference will be in-person or telephonic." (ECF 77).

On January 14, 2021, Plaintiff wrote that Defendant failed to timely serve his Federal Rule of Civil Procedure ("Rule") 26(a) initial disclosures and failed to return Plaintiff's counsel's emails. (ECF 78). On January 19, 2021, the Court ordered Defendant to serve his initial

disclosures by February 2, 2021 and warned that "failure to comply with his discovery obligations may result in a recommendation that his answer be stricken and a default judgment be entered against him." (ECF 79). A copy of this Order was mailed to Defendant (ECF 80), but Defendant did not respond. On February 12, 2021, Plaintiff wrote again that Defendant failed to serve his initial disclosures. (ECF 81). On February 23, 2021, the Court ordered that Defendant serve his initial disclosures by March 10, 2021 or, if Defendant failed to comply with his discovery obligations, Plaintiff shall move to strike Defendant's answer. (ECF 82). A copy of this Order was mailed to Defendant, but again, Defendant did not reply. (ECF 83). Plaintiff moved to strike the answer (and for sanctions) on March 17, 2021. (ECF 84).

On April 5, 2021, the Court provided parties with the dial-in for the April 7, 2021 conference and instructed that: (1) Plaintiff email Defendant a copy of the order, and (2) the Clerk of Court mail a copy of the order to Defendant. (ECF 88 (entered April 6, 2021)). Plaintiff appeared for the April 7, 2021 conference, but Defendant did not appear. At the conference, Plaintiff's counsel represented that on the same day the April 5, 2021 order was entered, he had emailed a copy of the order to Defendant.[1]

On April 8, 2021, the Court directed Defendant to show cause in writing by April 22, 2021 why I should not recommend granting Plaintiff's motion to strike his answer (ECF 84) for Defendant's failure to comply with Rule 16(a) and Rule 26(a)(1). *See* Rule 16(f)(1) and Rule 37(b)(2)(A). Plaintiff was directed to order a copy of the April 7, 2021 conference transcript, serve a copy of the transcript and this the Court's Order to Show Cause (ECF 89) on Plaintiff, and file proof of service on the docket. Plaintiff did so. (ECF 90). Defendant has failed to

---

[1] The Clerk of Court mailed a copy of the order on April 6, 2021.

2

respond to the Order to Show Cause, and has not otherwise contacted the Court in the past five months. Accordingly, I recommend that ECF 84 be granted, and that the Clerk of Court strike the Answer.

Objections

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Hon. Andrew L. Carter. Any requests for an extension of time for filing objections must be directed to Judge Carter.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

**Plaintiff is directed to serve a copy of this Report and Recommendation on David K. Townes and file proof of service within 7 days of this Report and Recommendation.**

**SO ORDERED.**

Dated: September 30, 2021
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge